IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION

FILED

November 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 02C01-9711-CC-00435 |
| Appellee, | ) | |
| | ) | Lauderdale County |
| v. | ) | |
| | ) | Honorable Joseph H. Walker, III |
| GRADY DEMOSS, | ) | |
| | ) | (Delivery of Schedule II Controlled Substance) |
| Appellant. | ) | |

FOR THE APPELLANT:

Julie K. Pillow
Assistant District Public Defender
P. O. Box 700
Somerville, TN 38068-0700

OF COUNSEL:
Gary F. Antrican
District Public Defender
P. O. Box 700
Somerville, TN 38068-0700

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General
302 Market Street
Somerville, TN 38068

Mark E. Davidson
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

# OPINION

The appellant, Grady Demoss, referred herein as the defendant, appeals as of right from the conviction for delivery of a Schedule II controlled substance, to wit: cocaine, less than .5 grams, by a Lauderdale County jury. As a result of the jury verdict, the trial court imposed a sentence of four years, six months in the Department of Correction and a fine of $2,500. The defendant presents two issues for appellate review.

1. Whether the trial court erred in overruling the defendant's objection on grounds of hearsay to Officer Thompson testifying as to what he overheard the confidential informant say to the defendant on December 11, 1996 at the time of the alleged exchange of cocaine.

2. Whether the evidence presented at trial was sufficient to support the verdict and judgment of guilty for the offense of delivery of Schedule II controlled substance (cocaine) less than .5 grams.

After a review of the entire record, the briefs of the parties, and the appropriate law, we have determined there is no error requiring a reversal. Accordingly, the trial court's judgment is affirmed.

## FACTUAL BACKGROUND

Mr. John Thompson, a veteran drug investigator for the Lauderdale County Sheriff's Department, testified he was a member of a surveillance team working drug buys through a confidential informant in Henning, Tennessee on December 11, 1996. The surveillance team consisted of the director of the drug task force, fellow agents, and an evidence custodian, who was responsible for recovering and securing evidence of buys. The agents utilized a surveillance van near target areas. Officer Thompson and Agent Dan Jones would monitor drug buys through the use of a high-powered video camera and TV monitor. In addition, a confidential informant would be searched for the absence of drugs and then wired with a Kehl set which transmitted conversations back to the surveillance van. These conversations were then recorded on audiotapes. Thus, the surveillance officers were able to hear everything said during the drug buys.

2

At approximately 4:30 p.m. on December 11, 1996, Officer Thompson met a confidential informant, Donald Wallace, at the Henning rest area on Highway 51. Wallace was searched and fitted with a Kehl set to record any conversations. Prior to sending the confidential informant into Henning, Officer Thompson and Deputy Kevin Brogdon drove through Henning and observed the defendant standing in front of Rosie's Cafe. Officer Thompson gave the confidential informant two $20 bills for the buys. Officer Thompson and Agent Jones proceeded to the target area and set up their surveillance van. Officer Thompson notified Deputy Brogdon to send the confidential informant to the target area.

Officer Thompson began videoing the target area. Officer Thompson observed the defendant go inside Rosie's. The defendant came out of the cafe and the confidential informant stopped in front of Rosie's, where the defendant and Wallace began talking. Officer Thompson heard Wallace tell the defendant, "he wanted a couple of stones" (street slang for crack cocaine). The defendant told Wallace, "Okay. Pull over." When Wallace parked his car, the defendant approached the car and stated, "Yeah, what you need?" Wallace responded, "I want to get a couple of nice stones." The defendant said, "Okay, I'll be right back." The defendant went into the cafe and returned. The defendant then got into the car and directed Wallace to drive off. The defendant inquired if the confidential informant was the police. Wallace denied this. Wallace then bought the stones from the defendant for $40.

Officer Thompson and Agent Jones returned to the rest area, where they observed Deputy Brogdon had two pieces of crack cocaine in a clear Ziploc bag in his custody. Later, Officer Thompson discovered the Kehl set transmissions of the conversations between the defendant and Wallace had malfunctioned and were inaudible.

Donald Wallace, the confidential informant in this case, testified he contacted the Lauderdale County Sheriff's Department and talked to Officer Thompson about undercover work. Mr. Wallace had three small children and was concerned about the local volume of drugs and violence. Mr. Wallace had ambitions to be a law enforcement officer, but lacked

3

a high school diploma or GED.

Mr. Wallace testified he was advised by Officer Thompson to meet Thompson at the rest area on Highway 51. Wallace was searched and then wired with a wire monitor and given $40 cash. Upon instructions, Wallace proceeded to the McFarland Street area in Henning. Wallace drove around the block and upon his return, the defendant approached him and inquired, "What do you want?" Wallace responded that he wanted two of the biggest stones the defendant had. The defendant said, "Wait a minute." The defendant went in the cafe and returned and got in Wallace's car. They rode up the street. The defendant showed Wallace two rocks of cocaine and Wallace gave the defendant the two $20 bills. Wallace drove the defendant back to the cafe's area and then returned to the rest area. Wallace gave the two pieces of crack cocaine to Deputy Brogdon. Wallace testified he received $40 for making this buy. Wallace used the name of John Anderson during this buy. Also, Wallace testified this was his first buy as an undercover informant and he did not know the defendant prior to this buy.

Kevin Brogdon, deputy sheriff for Lauderdale County, testified he assisted Officer John Thompson and others in an undercover buy in Henning. Officer Brogdon's responsibility was to remain at the rest area during the buy. The confidential informant, Donald Wallace, was wired and sent to the area of the buy after Officer Thompson had set up surveillance. Later, Wallace returned and gave Deputy Brogdon the narcotics he had purchased. Deputy Brogdon denied the defendant was singled out for drug purchases.

Dennis Cheairs, director of the Twenty-Fifth Judicial District Violent Crime Drug Task Force, testified he participated in the purchase of cocaine from the defendant. Mr. Cheairs and another officer were to provide backup for safety reasons for the confidential informant. Mr. Cheairs followed Wallace to Henning and was in audio contact with the informant. Cheairs heard someone talking to the informant and heard a car door shut. Then, Cheairs followed the informant back to the rest area. Cheairs could not recall the specifics of the conversation he heard between the defendant and the informant.

4

Ms. Lisa Mays, forensic scientist with the Tennessee Bureau of Investigation Crime Laboratory, testified that the substance she received from Officer Thompson contained cocaine base and weighed 0.1 gram.

The defendant testified he was standing outside Rosie's Cafe on December 11, 1996. Rosie was a longtime friend of the family. The defendant testified Donald Wallace pulled up, threw up his hand, and hollered at the defendant. The defendant approached the car and Wallace asked the defendant about some drugs. The defendant told Wallace, "I do not sell drugs; I didn't know nothing about no drugs." The defendant asked Wallace to wait a minute while the defendant went in Rosie's to use the bathroom. The defendant returned to Wallace's car and Wallace gave the defendant a ride up the street. The defendant denied there was any exchange of drugs or money in the car. The defendant testified he knew Officer Thompson from previous encounters on McFarland Street. The defendant testified he had never seen Wallace before and after Wallace let him out of the car, the defendant went to Jessie Halliburton's store to purchase cigarettes. Apparently, Jessie Halliburton would have been a reluctant witness in the defendant's behalf.

Based on all of the testimony and physical evidence, the jury found the defendant guilty.

## APPELLATE ISSUES

The defendant contends the trial court erred in permitting Officer Thompson to testify as to what the confidential informant, Donald Wallace, said during the drug transaction. The defendant argues that these statements were made for the truth of the matter asserted, there was a drug transaction between the defendant and Donald Wallace, in violation of Rule 801(c), Tennessee Rules of Evidence. However, the defendant does not cite any authorities, other than the rule, in support of his contention that the trial court's ruling was in error under these facts. The State counters that the statements of Wallace were not offered to prove the truth of what the informant asserted, but to explain the police

5

surveillance and give context to the investigation.

Tennessee Rules of Evidence 801 defines hearsay as:

(a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person if it is intended by the person as an assertion.

(b) Declarant. A "declarant" is a person who makes a statement.

(c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

We do not find the trial court was in error in permitting Officer Thompson to relate what the informant, Donald Wallace, stated to the defendant. The testimony of Officer Thompson was not offered for the truth of the matter asserted therein, but to explain the reasons why the officers had this particular drug transaction under observation. *State v. Jones,* 598 S.W.2d 209, 223 (Tenn. 1980); *State v. Barry Hill,* Dickson County No. 01C01-9004-CC-00113, 1991 WL 218288 (Tenn. Crim. App., Nashville, October 29, 1991). Furthermore, the declarant, Donald Wallace, testified as to his conversations with the defendant. Thus, the defendant had the benefit of testing the accuracy of Wallace's statements in the presence of the jury. In his own testimony, the defendant admitted Wallace asked him for drugs which corroborates the testimony of Officer Thompson. Even if the testimony of Officer Thompson was error, it was harmless beyond a reasonable doubt, in light of the overwhelming guilt of the defendant. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *State v. Fears,* 659 S.W.2d 370, 378 (Tenn. Crim. App. 1983), *cert. denied,* 465 U.S. 1082, 104 S.Ct. 1450, 79 L.Ed.2d 768 (1984). There is no merit to this issue.

In his second issue, the defendant contends that the evidence was insufficient to support the verdict of guilty for the offense of delivery of a Schedule II controlled substance (cocaine) less than .5 grams.

When a jury convicts an individual of a criminal offense, the presumption of

innocence disappears just as the sunset. Thus, the presumption of innocence is replaced by one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *State v. Harris,* 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence viewed under these standards was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Cazes,* 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e). This ruling is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In conclusion, the proof before the jury implicating the defendant consisted of:

1. Officer Thompson of the Twenty-Fifth Judicial District Violent Crime Drug Task Force conducted a surveillance in Henning on December 4, 1996 for possible drug trafficking. The officer observed the defendant in the target area and thus the defendant became a suspect.

2. On December 11, 1996, Officer Thompson sent the wired informant, Donald Wallace, into the surveillance area to see if the informant could buy crack cocaine from the defendant. This event was monitored by audiotapes and a video camera.

3. Officer Thompson observed the informant meet the defendant and ask the defendant for "two stones." The defendant entered Rosie's Cafe, returned, and had the informant drive him down the street. The defendant sold the crack cocaine to the informant for two $20 bills.

4. The informant returned to the rest area on Highway 51 and gave the law enforcement officers the suspected cocaine. An analysis established the substance was

7

cocaine.

5.    The defendant testified he was at Rosie's Cafe on the date in question. The informant pulled up in a car and inquired if the defendant had any drugs, to which the defendant denied having any drugs or knowledge of drugs.  However, the defendant went into Rosie's, returned, and got into the informant's car for a ride down the street.

Based on this proof, we find the evidence sufficient from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt as to the offense of delivery of a controlled substance, Schedule II, to wit: cocaine.  This issue is without merit.

The trial court's judgment is affirmed.

                                    _____

                                      L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID G. HAYES, JUDGE

8